OPINION
{¶ 1} Defendant-Appellant, Rosemary M. Wood, was convicted on her plea of guilty of theft, R.C. 2913.02(A)(1), as a felony of the fifth degree. Fifth degree felonies are punishable by prison terms of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). Wood has no record of other offenses. Based on findings it made pursuant to R.C. 2929.13(B), the trial court rejected an available community control alternative and sentenced Wood to serve an eight month term of imprisonment. Wood filed a timely notice of appeal.
 {¶ 2} This appeal first came before us on a brief filed pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed. 493, in which Defendant-Appellant's counsel stated that she could identify no meritorious issues for appellate review. Our independent review of the record conducted pursuant to Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300, revealed that the trial court fully complied with Crim.R. 11(C) when it accepted Defendant-Appellant's guilty plea. However, following the Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we directed counsel to file supplemental briefs regarding the prison sentence the trial court imposed. Defendant-Appellant's attorney has filed a brief containing the following assignment of error:
ASSIGNMENT OF ERROR
 {¶ 3} "THE TRIAL COURT ERRED BY IMPOSING AN EIGHT MONTH PRISON TERM FOR DEFENDANT/APPELLANT'S FIFTH DEGREE FELONY CONVICTION BASED ON JUDICIAL FINDINGS OF FACT ON WHICH THE DEFENDANT HAD NO OPPORTUNITY TO BE HEARD, IN DIRECT VIOLATION OF HER SIXTH AMENDMENT RIGHTS."
 {¶ 4} The eight month prison sentence the court imposed implicates two statutory sections: R.C. 2929.13(B)(2)(a), which requires the court to make certain findings when a prison sentence instead of community control sanctions is imposed for fourth and fifth degree felonies, and R.C. 2929.14(B), which requires additional findings by the court when a greater-than-minimum prison sentence is imposed.
 {¶ 5} In Foster, the Supreme Court held that the findings requirements of R.C. 2929.13(B) are not unconstitutional because the court retains discretion to impose a prison term absent the findings that section requires. However, the court also held that R.C. 2929.14(B) is unconstitutional. Id., at ¶ 61. Therefore, because the greater-than-minimum eight month prison term the court imposed was necessarily based on findings it made pursuant to R.C. 2929.14(B), the assignment of error is sustained. Defendant-Appellant's sentence will be reversed and vacated, and the case remanded for resentencing.
Wolff, J. and Donovan, J., concur. s